IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH BAZE, §<br>  #22041440, §<br>        PLAINTIFF, §<br> §<br>v. §<br> §<br>TEXAS ATTORNEY GENERAL CHILD §<br>SUPPORT DIVISION, ET AL., §<br>        DEFENDANTS. § | CASE NO. 3:23-CV-112-X-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

I.  BACKGROUND

On January 13, 2023, Baze, an inmate at the Dallas County Jail, filed a complaint against the Texas Attorney General (AG) Child Support Division, the Internal Revenue Service (IRS), and the IRS Bureau of Fiscal Services. Doc. 3 at 1. He alleges due process and tort violations under 42 U.S.C. § 1983, the *Bivens* doctrine, and the Federal Tort Claims Act (FTCA). *Id*.

Baze's complaint is inartfully pled. He alleges that he did not receive the first and third Economic Impact Payments (EIPs or stimulus payments) pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). He asserts that the AG Child Support Division unlawfully garnished his first EIP to offset some

of his outstanding child support payments. Doc. 3 at 1-2. While the IRS mailed the third EIP to Baze at the prison where he was then confined, Baze was released before the check reached the unit. So the EIP was returned to sender. Doc. 3 at 2-3. According to Baze, the IRS has refused to issue the third EIP, even after he filed his 1040 form. Baze thus asserts a violation of his due process rights. Doc. 3 at 2-3. He requests compensation for the first and third EIPs and damages for due process violations. Doc. 3 at 4.

Upon review of the complaint, the Court concludes that subject matter jurisdiction is lacking. Therefore, this action should be dismissed *sua sponte*.[1]

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, the Court liberally construes Baze's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Baze has not alleged facts that establish federal question jurisdiction.

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in the motion to proceed *in forma pauperis* enclosed with Baze's complaint. Doc. 3 at 5.

### A. Jurisdiction is Lacking Over Claims Against AG Child Support Division

At the outset, the Court notes that child support obligations are not one of the debts excepted from setoff. Consequently, stimulus payments may be garnished to pay past-due child support pursuant to Section 464 of the Social Security Act and Section 6402(c) of the Internal Revenue Code. *See* 26 U.S.C. § 6402(c), 26 U.S.C. § 6428; *Vela v. Internal Revenue Serv.*, 2021 WL 2432481, *1 (W.D. Tex. June 15, 2021), *R. & R. adopted*, 2021 WL 9526740 (W.D. Tex. Aug. 2, 2021).

That notwithstanding, Baze's claim against the Child Support Division is barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit against a state or state entity, whether or not money damages or injunctive relief is sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984) (in absence of consent, the Eleventh Amendment bars suit in federal court in which a state or one of its agencies or departments is named as defendant); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states or state entities are not persons subject to suit under § 1983 because of the Eleventh Amendment). Eleventh Amendment immunity also extends to state officials if the relief sought would operate against the state. *Halderman*, 465 U.S. at 101.

In addition, because the AG Child Support Division is a state entity, neither the FTCA nor *Bivens* apply. The FTCA waives the United States' sovereign immunity from tort suits. *See* 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1). And *Bivens* creates a cause of action for constitutional violations against federal officials not state entities like the Child Support Division. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *Egbert v. Boule*, --- U.S. ---, 142 S. Ct. 1793, 1802-03 (2022).

Because Baze cannot sue the AG Child Support Division for monetary damages, his claims should be dismissed without prejudice for want of jurisdiction.

### B. Jurisdiction is also Lacking over Claims against the IRS

#### 1. *EIP or Stimulus Payments*

The CARES Act provides for EIPs to be paid directly to eligible individuals through a "tax credit." *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1020-21 (N.D. Cal. Sep. 24, 2020). The Act further provides that certain tax payers are "eligible for an advance refund of the tax credit." *Id.* Liberally construed, Baze's request for EIPs seeks a tax refund.

Under 28 U.S.C. § 1346(a)(1), the United States consents to be sued in the district court for a tax refund. Before suing, however, a taxpayer must exhaust his administrative remedies by filing a claim for a refund with the IRS. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); 26 U.S.C. § 7422(a).[2] "To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code." *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010) (citations omitted).

Baze alleges that he filed a 1040 Form to obtain his third EIP and called the IRS to ask about it. Doc. 3 at 3. But Baze does not allege that he filed an administrative claim as required by § 7422(a) of the Internal Revenue Code. Because Baze has not exhausted his administrative remedies, the Court lacks jurisdiction over his request for a tax refund. *See Duffie*, 600 F.3d at 384 ("A taxpayer's failure to file a timely refund claim with the IRS deprives the district court of

---

[2] Section 7422(a) provides as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

subject-matter jurisdiction."); *Kossie v. Yellen*, No. 3:21-CV-3119-S-BK, 2022 WL 1117447, at *2 (N.D. Tex. Mar. 4, 2022), *R. & R. adopted*, 2022 WL 1117200 (N.D. Tex. Apr. 14, 2022) (collecting cases and dismissing for lack of jurisdiction request for EIPs because the plaintiff failed to file an administrative claim under § 7422(a)).

    2. *Due Process and Tort Violations*

Likewise, the Court lacks jurisdiction over Baze's claims for damages for due process and tort violations by the IRS. Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (quotations and citations omitted)). In addition, a federal agency, like the IRS, is immune from an action based on *Bivens*. *See, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 484-86 (1994) ("[s]overeign immunity is jurisdictional in nature" and a *Bivens* cause of action cannot be brought against a federal agency); *Taylor v. United States*, 292 F. App'x 383, 388 (5th Cir. 2008) (per curiam) (concluding the IRS was entitled to sovereign immunity in *Bivens* action).

The Court also lacks jurisdiction over Baze's claim against the IRS under the FTCA. The proper defendant in a case brought under the FTCA is the United States of America, not the agency or its employees. *Galvin v. Occup. Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). Baze does not include the United States as a defendant in his complaint and sues only the IRS. That notwithstanding, exhaustion of administrative remedies is a jurisdictional prerequisite to sue

under the FTCA. 28 U.S.C. § 2675(a). The FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See McNeil v. United States*, 508 U.S. 106, 112 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged by Baze in his complaint demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on February 13, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).